■ MARY MCCREANOR et al., Appellants, v. BENITA CANDIA et al., Respondents.— In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered June 24, 1971, in favor of defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case upon a jury trial upon the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, plaintiffs established a prima facie case of liability on the part of defendants. Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ WALTER MUNZ, Respondent, v. PRESTWICK PRESS, INC., Appellant.— In an action to recover damages for personal injuries, based upon common-law negligence and violation of provisions of the Labor Law, defendant appeals from an interlocutory judgment of the Supreme Court, Suffolk County, dated July 19, 1972, in favor of plaintiff on the issue of liability, after a trial on that issue only, upon a special jury verdict that defendant was liable only for violation of section 240 of the Labor Law. Interlocutory judgment reversed, on the law, with costs, and complaint dismissed. Plaintiff is an employee of a firm which services electrical equipment of commercial printers, including defendant. At the time here in question, plaintiff was in defendant's printing plant. Defendant's foreman asked him to repair an exhaust blower which was mounted close to a ceiling in a lavatory. Plaintiff asked the foreman for a ladder, specifically an " A " ladder. The foreman said he did not know where the " A " ladder was and told plaintiff to use another one, a straight ladder which had rounded bottoms. He used this ladder, although he had noted that the floor was " wet and messy ". The ladder slipped and he fell and was injured. In our opinion, under these circumstances, section 240 of the Labor Law did not create liability on the part of appellant, who exercised neither direction nor control of plaintiff in the performance of his duties. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.